862 A.2d 1148

ESTATE OF ROBERT FRANKL, DECEASED, BY ADMINISTRA-
TRIX OF THE ESTATE, LORI FRANKL, AND LORI FRANKL,
EVIE FRANKL, ASHLEY FRANKL, AND BRIAN FRANKL,
INDIVIDUALLY, AND ESTATE OF KAREN BUDIAN, DE-
CEASED, BY ADMINISTRATOR OF THE ESTATE, GEROLF O.
BUDIAN, AND GEROLF O. BUDIAN, INDIVIDUALLY, GARRY
E. SITZE AND TOMMYE SITZE, HIS WIFE, PLAINTIFFS,
AND CONSUMERS FOR AUTOMOBILE RELIABILITY AND
SAFETY, INTERVENOR–RESPONDENT/CROSS–APPELLANT,
v. GOODYEAR TIRE AND RUBBER CO., DEFENDANT–AP-
PELLANT/CROSS–RESPONDENT, AND HUTCHINSON IN-
DUSTRIES, INC., HUTCHINSON CORP., HUTCHINSON, S.A.,
GENERAL MOTORS CORPORATION, AND HAYES LEMMERZ
INTERNATIONAL, INC., DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted September 10, 2003—Decided September 16, 2003.

Before Judges CONLEY, CARCHMAN and WEISSBARD.

*Kelly, McLaughlin & Foster, and Roetzel & Andress,* admitted pro hac vice, attorneys for defendant-appellant, Goodyear Tire & Rubber, Co. (*Robert G. Kelly, Jr., Jonathan Eron, Mr. Casto and Mr. Rooney,* on the briefs).

*Wilentz, Goldman & Spitzer,* and *Trial Lawyers for Public Justice,* admitted pro hac vice, attorneys for intervenor/cross-appellant, Consumers for Auto Reliability and Safety (*Christopher M. Placitella, Angelo J. Cifaldi, Robert T. Haefele,* and *Rebecca Epstein,* on the briefs).

The opinion of the court is delivered by

CONLEY, P.J.A.D.

The appeal and cross-appeal presently before us arise from December 18, 2001, and July 10, 2002, orders granting cross-appellant Consumers for Auto Reliability and Safety's (CARS) motion to intervene for the purpose of obtaining access to certain documents provided by appellant Goodyear Tire and Rubber Company (Goodyear) to plaintiffs during discovery in their products liability litigation. The orders also grant intervenor access to

122 of 315 pages of those documents. Goodyear does not appeal the grant of CARS's motion to intervene. *See Hammock v. Hoffmann–LaRoche, Inc.,* 142 *N.J.* 356, 379, 662 *A.*2d 546, 558 (1995). It does appeal the access order.

At the beginning of discovery, plaintiffs and Goodyear agreed to a protective order, obviously in anticipation that some of the discovery documents would eventually become court filings. Plaintiffs and Goodyear ultimately settled and none of these documents were ever filed with the court, except as part of motions relating to intervenor's efforts to gain access to the discovery documents. As we understand the current legal principles applicable to intervenor's efforts to gain such access, intervenor has no legal basis therefor. This is because the documents remained in the private possession of litigation counsel, never becoming a part of the court files, either by way of a nondiscovery pretrial motion [1] or trial proceeding. Thus, while the trial judge's analysis of the good cause criteria that must be demonstrated under *R.* 4:10–3 for the purposes of a protective order and his application of those criteria to the documents at issue here is well supported, his fundamental legal premise for access is not.

We, therefore, reverse. In doing so, we need not tarry long on the subject. As we have said, the documents produced during discovery never became a part of the court records, aside from the motions that produced the orders now before us. There is, of course, a "presumption" of public access to documents filed with the court in connection with civil litigation. *Hammock v. Hoffmann–LaRoche, Inc., supra,* 142 *N.J.* at 375, 662 *A.*2d 546. That presumption, however, does not apply to discovery motions, *id.* at 380, 662 *A.*2d at 556, and may be overcome upon a

---

[1] As we have said, the documents were filed in connection with the access motions. But as the trial judge observed: "The pending motions clearly relate to discovery, not to substantive matters … under *Hammock [v. Hoffmann LaRoche, Inc.,* 142 *N.J.* 356, 662 *A.*2d 546 (1995)],* materials attached to such discovery-related filings do not trigger a right of public access. *Hammock,* 142 *N.J.* at 379[, 662 *A.*2d at 558]."

demonstration that the "need for secrecy substantially outweighs the presumption of access." *Id.* at 381, 662 A.2d at 559. Neither the "presumption" nor the outweighing considerations are applicable here. This is so because "there continue[s] to be confidentiality of materials submitted in the discovery process. The discovery delivered to a plaintiff's counsel under a protective order is not subject to public access as long as it remains in the private domain of plaintiff's counsel." *Id.* at 379, 662 A.2d at 558.[2] That is the situation here.

In rejecting appellant's contention that intervenor did not have a presumptive right of access to unfiled discovery documents, the trial judge wrote:

> This argument, although superficially appealing, overlooks an important premise of *Hammock.* The Court acknowledged in *Hammock* that there was a valid protective order in place between plaintiff and defendant Roche. The procedural history recited by the Court indicates that after plaintiff had sought some 1,000 internal Roche documents in discovery, Roche moved for a protective order pursuant to *Rule* 4:10–3. *Id.* at 362, 662 A.2d 546[, 549]. In support of that motion Roche had filed with the trial court two sworn affidavits, one by a doctor. *Id.* The affidavits "explained that some of the information sought was essential" to Roche's applications with the Food and Drug Administration required "to obtain approval to market a prescription drug." *Id.* FDA regulations provided that the data contained in such filings is not subject to public disclosure. *Id.,* citing 21 *C.F.R.* § 20.111(d).
>
> Having the benefit of those affidavits and the applicable federal regulations, the trial court in *Hammock* made a specific finding that "good cause" existed under *Rule* 4:10–3(g) justifying the entry of a protective order sealing the documents. *Id.*

We disagree with the judge's conclusion that the existence of a "valid" protective order in *Hammock,* as opposed to the consent protective order here, requires us to ignore the fundamental principle espoused in *Hammock* that there exists no right of public access to unfiled discovery documents. The protective order in *Hammock* was important there because the documents at

---

[2] In restating this principle in *Hammock,* the Court observed that: "To hold otherwise would be incongruous with the goals of our broad discovery process embodied in *Rule* 4:10–2, intended to effectuate 'the public policies of expeditious handling of cases, avoiding any stale evidence, and providing uniformity, predictability and security in the conduct of litigation.'" *Id.* at 379–80, 662 A.2d at 558 (quoting *Zaccardi v. Becker,* 88 *N.J.* 245, 252, 440 A.2d 1329, 1332 (1982)).

issue, in fact, were filed court documents. Thus, the Court began its opinion, "[t]his case requires us to decide whether the public has a right of access *to judicial records and materials filed with the court* in civil litigation." *Hammock, supra,* 142 *N.J.* at 360–61, 662 *A.*2d at 548 (emphasis added). Simply put, the *Hammock* documents were subject to a presumption of public access. When that presumption arises, the opposing party must rely upon the provisions of *R.* 4:10–3 if public access is to be protected against and must, thus, have a "valid" protective order in place. That is not the case here.

Intervenor argues that: "Under *Rule* 4:10–3, there is a presumptive statutory right of access to discovery documents." We reject this contention as entirely without basis. Certainly there is nothing in the text of *R.* 4:10–3 [3] which creates a presumptive right of access to unfiled discovery documents. Were *R.* 4:10–3

---

[3] *R.* 4:10–3 provides:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, but not limited to, one or more of the following:

   (a) That the discovery not be had;

   (b) That the discovery may be had only on specified terms and conditions, including a designation of the time or place;

   (c) That the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

   (d) That certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

   (e) That discovery be conducted with no one present except persons designated by the court;

   (f) That a deposition after being sealed be opened only by order of the court;

   (g) That a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;

   (h) That the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

   If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or

such a substantive provision, the Court in *Hammock* surely would have included the rule in its reference to the available avenues by which the public may access certain records. *See Hammock*, 142 *N.J.* at 370–71, 662 *A.*2d at 553–54.[4]

Intervenor, however, asserts that several federal cases which construe *Federal Rule* 26, the federal counterpart to *R.* 4:10–3, support its position, citing *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 *F.*2d 157 (3d Cir.1993), *Public Citizen v. Liggett Group, Inc.*, 858 *F.*2d 775 (1st Cir.1988), and *Stinson, Lyons, Gerlin & Bustamante v. Prudential Ins. Co. of Am.*, 736 *F.Supp.* 614 (D.N.J.1990), *aff'd*, 944 *F.*2d 1149 (3d Cir.1991). These cases are inapposite. To be sure, there is language in all three to the effect that: "As a general proposition, pretrial discovery must take place in the public, unless compelling reasons exist for denying the public access to the proceedings." *Public Citizen v. Liggett Group, Inc.*, *supra*, 858 *F.*2d at 789. *See Leucadia, supra*, 998 *F.*2d at 165, n. 12; *Stinson, supra*, 736 *F.Supp.* at 618–19. But all three cases discuss public access to discovery documents under *Federal Rule* 26 when *Federal Rule* 5(d), since amended, required that all discovery motions and responses be filed with the federal district courts. In all three cases, then, a presumptive right of access existed in the documents because they were court filings. This distinction was recognized in *Leucadia* when the court observed:

> It has not been suggested that the "raw fruits" of discovery in the possession of private litigants that have not been filed with the court are subject to any right of access. As we explained in *Bank of America [v. Hotel Rittenhouse Assocs.*, 800 *F.*2d 339 (3rd Cir.1986)], "discovery ... which is ordinarily conducted in private, stands on a different footing than does a motion filed by a party seeking action by the court." 800 *F.*2d at 343. *See Mokhiber v. Davis*, 537 *A.*2d 1100, 1109 (D.C.App.1988) ("no right of public access to pretrial depositions, interrogatories, and documents gained through discovery").

person provide or permit discovery. The provisions of R. 4:23–1(c) apply to the award of expenses incurred in relation to the motion.

[4] In this respect, the Court referred to the Right to Know Law, *N.J.S.A.* 47:1A–1 to –13 and a civil litigant party's discovery rights. *Id.* at 370, 662 *A.*2d at 553. Neither apply here.

[998 *F.*2d at 163, n. 9.]

*See Rosado v. Bridgeport Roman Catholic Diocesan Corp.,* 77 *Conn.App.* 690, 825 *A.*2d 153, 176 (2003) (recognizing that *Federal Rule* 5(d) "creates a presumption that all discovery material will be available to the public because they will be filed in court . . . ."). *See also Pansy v. Borough of Stroudsburg,* 23 *F.*3d 772, 781, 780–83 (3d Cir.1994) (whether or not a document is subject to the right of access turns on whether it is considered to be a "judicial record" and that depends upon whether the document has been filed with the court).

In short, there presently exists no presumptive right of public access to unfiled documents exchanged during discovery in civil litigation. In light of the parties' settlement here prior to any court filings of the documents, it is immaterial whether they may or may not have been the proper subject of a protective order.

Reversed.